Booth, Judge,
delivered the opinion of the court:
The petition in this case is predicated upon an alleged breach of contract. On July 5, 1917, the defendant leased from the Old Dominion Land Co., a Virginia corporation, a certain tract of land. The purpose of the lease was the erection thereon of certain buildings suitable for. use as a veterinary hospital during the war. The defendant reserved an option of annual renewal of the lease until after the war was over, and the same was extended by successive renewals until July 1, 1921. Thereafter it was again renewed as to sixteen and eleven one-hundredths acres of land to July 1, 1922. The defendant reserved title to all the buildings, the lease providing for their removal within 30 days after vacation of the premises, unless otherwise sold or disposed of. The Government did not remove, sell, or otherwise dispose of the buildings within the 30-day period. On the contrary, as late as September 15, 1921, the defendant advertised the buildings for sale, and the plaintiff’s bid of $505 was accepted and the buildings sold to him under a written contract of sale bearing date November 10, 1921. This contract of sale contained the following covenant:
“ The Government does hereby sell, convey, transfer, and deliver possession, upon execution of this contract, all the right, title, and interest of the Government in and to the improvements hereinafter mentioned, as is on November 10, 1921, as described in this agreement and said specifications, and subject to the terms, exemptions, and conditions thereof.”
The contractual obligations assumed under the foregoing covenant form the basis of this suit.
The Old Dominion Land Co., by conduct far from creditable, preferred claim to the buildings, notwithstanding its express assurance and approval given to the defendant on November 7, 1921, that it would offer no objection to the defendant selling the same to the plaintiff. For some unexplained reason, the land company repudiated its approval *763 given November 7, 1921, and made claim of title to the improvements. The fact of this adverse claim in some manner reached the plaintiff at a time when he was contemplating the purchase of the buildings, and thereby induced him to enter into negotiations with the land company respecting the sale of the same. He did not, however, at the time enter into any contract with the land company. Subsequent to November 10, 1921, the plaintiff took possession of the lands under his contract with the defendant, notices were posted in the buildings, and at least one building was for a short space of time occupied as an office. Very soon thereafter the land company trespassed upon the plaintiff’s possession and by unwarranted force and violence effectually dispossessed the plaintiff, so much so that it wrung from the plaintiff an agreement to purchase certain buildings from the land company and certain others the land company retained. The plaintiff, after this episode, was allowed to salvage certain buildings, and he did eventually remove and sell certain other buildings, failing to prove what amount he received for the same.
The plaintiff’s contention is firmly predicated upon a breach of the covenant in the lease obligating the defendant to deliver possession of the buildings. The facts disprove a breach. What the plaintiff really proves is not a failure to deliver possession, but a loss due to an unlawful dispossession. The record substantiates the delivery of possession. The distressing state of affairs of which the plaintiff complains all took place subsequent to the delivery of possession by the defendant, and resulted in precluding the plaintiff from uninterrupted and continued peaceful possession which he was enjoying when the trespassers invaded the property and forcibly ejected him therefrom. The interference relied upon is in no wise imputable to the defendant. On the contrary, the defendant was not even ■ aware of any adverse claim of title upon the part of the land company until the plaintiff gave notice of what had occurred. The contract of sale between the plaintiff and defendant contained no obligation to protect him from marauders, trespassers, thieves, and vandals. The courts were open to him.
*764 Finally, the plaintiff recognized by written contract the right of the land company and voluntarily entered into, a written contract with it, and thereafter removed certain of the buildings from the premises, so that in the end he did in fact receive from the rightful owner a substantial portion of what was sold him. Therefore he may not, in any event, granting the soundness of his contention, obtain more than loss occasioned by the interference, and that amount, under this record, would be entirely a conjecture. There is not sufficient proof to fix it. There is no doubt that the plaintiff was badly treated, but the misfortunes he endured emanated from the acts of the land company and not the defendant.
The petition will have to be dismissed. It is so ordered.
GRAham Judge; Hay, Judge; Downey, Judge, and Campbell, GJdef Justice, concur.